UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-cv-60311-GAYLES

IN RE:

DEARDRA D. COOPER,

        **Debtor,**
_____/

JOHN D. BRISTOL,

        **Appellant,**

v.

MCCORMICK 105, LLC,

        **Appellee.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Appellant John D. Bristol's Initial Brief [ECF No. 5]. The Court has reviewed the parties' briefs and the record and is otherwise fully advised. For the reasons discussed below, the Bankruptcy Court's Order is **AFFIRMED.**

**I.    BACKGROUND**

Appellant brings this appeal pursuant to 28 U.S.C. § 158. On June 21, 2017, Deardra Cooper filed a voluntary petition for bankruptcy relief under Chapter 13, Title 11 of the United States Code. Appellant was Deardra Cooper's counsel. On July 20, 2017, Appellee, who held a Final Judgment of Foreclosure encumbering real property owned by Cooper's mother, filed a motion requesting *in rem* relief from the automatic stay.

On July 21, 2017, at 8:46 a.m., Appellant sent an email to Appellee's attorney, Mr. Hoertz, stating: "You have filed a Motion for Relief from Stay in the Cooper Bankruptcy. I have

1

no objection to your motion. You may submit an agreed Order directly to the Judge." [ECF No. 6-3, at 23].

Later that morning, at 9:53 a.m., Mr. Hoertz sent an email response, replying: "Thank you for your quick response. I'll upload an order shortly – granting the same relief specified in the motion." [*Id.*]. Mr. Hoertz uploaded an agreed order at 10:10 a.m. that same day. [*Id.* at 24].

It is undisputed that the parties did not communicate again until July 25, 2017, at 8:36 a.m., when Appellant sent the following email:

> Please make sure that the Order for relief from stay addresses only Deardra Cooper. Your motion requests relief from stay for: "the Debtor, or any person or entity taking an interest in the Property"
>
> Needless to say, the Court has jurisdiction to grant relief from stay only for Deardra Cooper. Therefore, the Order should not address any other person who may have an interest in the property.

[*Id.* at 25]. By the time Mr. Hoertz responded, however, the agreed order had already been signed and docketed by the Bankruptcy Court.[1]

On August 4, 2017, Appellant filed a Motion to Vacate the Agreed Order, arguing that he did not see nor agree to the order entered by the Bankruptcy Court. [ECF No. 5, at 8]. Appellant, referencing his July 25 email, contended that the order submitted to the Bankruptcy Court was not the order agreed upon. Appellant did not include the three other email communications between himself and Mr. Hoertz. Appellee subsequently filed a Motion for Sanctions against Appellant, arguing that Appellant was in violation of Rule 9011 of the Federal

---

[1] On July 25, 2017, at 1:06 p.m., the Bankruptcy Court signed the agreed order. On July 26, 2017, at 12:32 p.m., the Bankruptcy Court docketed the agreed order. Mr. Hoertz responded to Appellant's email on July 26, 2017, at 6:22 p.m., stating: "Good Afternoon Mr. Bristol – My apologies for the delay in getting back to you as I was traveling. Based on your July 21 email, the relief in the order that was uploaded to the court mirrored the same that was requested in the motion. The order was signed and served by the court today." [*Id.*].

2

Rules of Bankruptcy Procedure because his Motion to Vacate presented "incomplete and misleading allegations against [Mr. Hoertz] and his law firm." [ECF No. 6-3, at 21].

On November 20, 2017, the Bankruptcy Court granted Appellee's Motion for Rule 9011 Sanctions. The Bankruptcy Court found that, based on Appellant's July 21 email, the parties did agree to *in rem* relief, and though Appellant attempted to rescind the agreement in his July 25 email, he was too late in doing so. [*Id.* at 48]. The Court noted that "[Appellant] did not testify that he contacted the Court's chambers to request that the Agreed Order … be removed from the queue or placed on hold until [Mr. Hoertz] could be contacted…," nor did he "make any other efforts to contact [Mr. Hoertz]." [*Id.* at 49].

The Bankruptcy Court ultimately determined that "[Appellant's] actions in contesting the Agreed Order . . . caused 'unnecessary delay [and] needless increase in the cost of litigation,'" and "the factual contention that [Appellant] 'did not and does not agree to the terms included' in the Agreed Order . . . lacked evidentiary support and was not warranted based on the evidence." [*Id.*]. The Court further added that "[Appellant's] Motion to Vacate the Agreed Order … surreptitiously excluded key communications between the parties, which demonstrate[d] a lack of candor with the tribunal." [*Id.* at 49].

On December 4, 2017, Appellant moved for the Bankruptcy Court to reconsider the Order granting sanctions pursuant to Rule 9011. [*Id.* at 54]. On January 31, 2018, the Motion was denied. Appellant now appeals to this Court, requesting a reversal of the Bankruptcy Court's sanctions.

## II.  LEGAL STANDARD

"In reviewing bankruptcy court judgments, a district court functions as an appellate court." *Rush v. JLJ Inc. (In re JLJ Inc.)*, 988 F.2d 1112, 1116 (11th Cir. 1993). When a

bankruptcy court has imposed sanctions on an attorney, the reviewing district court uses an abuse of discretion standard. *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1319 (11th Cir. 2002). Under this standard, the court is to affirm the bankruptcy court's ruling unless it finds the decision was clearly erroneous. *In re Grand Hotel Ltd. P'ship*, 121 B.R. 657, 659 (S.D. Fla. 1990).

## III. ANALYSIS

Under Rule 9011, a bankruptcy court may impose sanctions upon an attorney if it finds the attorney in violation of the following:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>
> > (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> >
> > (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011. Here, the Bankruptcy Court found that Appellant's actions caused unnecessary delay and needlessly increased the cost of litigation. [ECF No. 6-3, at 49]. The Bankruptcy Court also found that a factual contention made by Appellant lacked evidentiary support and was not warranted based on the evidence. [*Id.*]. The Bankruptcy Court's findings were not clearly erroneous. As the Bankruptcy Court noted, Appellant excluded several relevant

email communications in his Motion to Vacate the Agreed Order. Appellant also claimed that he did not agree to the terms of the agreed order, despite email evidence to the contrary. While Appellant may dispute the Bankruptcy Court's findings, given the record, the Court cannot conclude that the Bankruptcy Court's sanctions were an "abuse of discretion" that warrants reversal.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) this appeal is **DISMISSED**;

(2) the Bankruptcy Court's Order Granting Sanctions Pursuant to FRBP 9011 against John Bristol, Esq. is **AFFIRMED**; and

(3) the Clerk is directed to **CLOSE** this case. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of October, 2018

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE