UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60311-CIV-GAYLES/SELTZER

In Re:

DEARDRA COOPER

    Debtor,
_____/

JOHN D. BRISTOL

    Appellant,

v.

MCCORMICK 105, LLC

    Appellee,
_____/

## ORDER DENYING APPELLEE, MCCORMICK 105, LLC 'S MOTION FOR AWARD OF ATTORNEYS' FEES ON APPEAL

THIS CAUSE is before the Court on Appellee, McCormick 105, LLC's Motion for Award of Attorneys' Fees on Appeal ("Motion" or "Motion for Attorney's Fees") (DE 10). The Motion was referred to the undersigned Magistrate Judge for decision pursuant to 28 U.S.C. § 636 (DE 11).

I.    PROCEDURAL BACKGROUND

On November 5, 2018, McCormick 105, LLC ("McCormick") filed the instant Motion to recover fees incurred defending John D. Bristol's appeal of a Bankruptcy Judge's order awarding fees and costs to McCormick pursuant to Federal Rule of Bankruptcy Procedure

9011(DE 89 Case # 17-17759 BKC-RBR) (DE 6-3 at 67-68).[1]  In Bristol's Notice of Appeal, he elected to have the appeal heard by the United States District Court (DE 1).  Following briefing by the parties (DE 5, 8), the District Court dismissed the appeal and affirmed the imposition of sanctions pursuant to FRBP 9011 (DE 9).  After McCormick filed the instant Motion for Attorney's Fees (DE 10), the District Court referred the Motion to the undersigned (DE11).  Bristol subsequently filed his Response in Opposition to the Motion (DE 12); McCormick, however, did not reply.  The Motion is now ripe for decision.

II.     THE MOTION AND THE RESPONSE

McCormick does not cite any authority in support of his Motion (DE 10).  In his Response, Bristol argues that Rule 9011 does not allow appellate fees, but "only . . . those expenses directly caused by the sanctionable filing" (DE 12), which expenses have already been accounted for by the Bankruptcy Judge's Order.  The Court, therefore, must decide whether Rule 9011 entitles McCormick to recover the attorney's fees he incurred on appeal.

III.    FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011

Bankruptcy Rule 9011 provides, in pertinent part, for "reasonable attorneys' fees and other expenses incurred as a direct result of [a] violation" of the rule.  FRBP 9011(c)(2); see In re Walker, 2006 WL 3922113, at *4 (S.D. Fla. Dec. 11, 2006) ("Rule [9011] is more sensibly understood as permitting an award only of those expenses directly caused by the filing, logically, those at the trial level") (quoting Cooter & Gell v. Hartmarx

---

[1] On August, 11, 2017, McCormick filed a Motion for Rule 9011 Sanctions after Bristol sought to vacate an Agreed Order to which he had initially consented  (DE 6-3 at 26-29). The findings of the Bankruptcy Court supporting its sanctions award are set forth in DE 6-3 at 45-50 and 63-68.

2

Corp., 496 U.S. 384, 406 (1990)). Here, the rule violation resulted from Bristol's effort to vacate an Agreed Order to which he had initially consented. The Bankruptcy Court found not only that Bristol's actions had caused an unnecessary delay and needless increase in the cost of litigation, but also that his factual contentions lacked evidentiary support and were not warranted based on the evidence (DE 6-3 at 49, DE 9 at 4). The Bankruptcy Court imposed attorney's fees as a direct result of these violations.

Yet, McCormick now invokes Rule 9011 to recover attorney's fees incurred not as a direct result of a violation before the Bankruptcy Court, but in appellate proceedings before the District Court. In In re George Schulmann Tire & Battery Co., 106 B.R. 296 (Bankr. M.D. Fla 1989), the court held "it is clear that the term 'court' as used in Bankruptcy Rule 9011 refers to a bankruptcy court and not to a district court," and it governs "only the initial proceeding in a bankruptcy court and not appeals pending in the district court." Id. at 298. Similarly, courts in this District have recognized that appellate fees are not authorized by Rule 9011. See e.g., Gwynne v. Walker, 2007 WL 9701809, at * 5 n.2 (S.D. Fla. July 26, 2007) (Gold, D.J.) ("I conclude that the Bankruptcy Court did not err when it concluded that Bankruptcy Rule 9011 does not authorize awarding appellate attorney's fees incurred in proceedings before the District Court."); In re Walker, 2006 WL 3922113, at * 4 ("Thus, Bankruptcy Rule 9011 does not authorize the Court to award appellate attorney's fees incurred in proceedings before the District Court.").

Because Bankruptcy Rule 9011 does not authorize an award of appellate fees incurred in proceedings before the District Court, the Motion for Attorney's Fees (DE 10) must be denied.

IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Appellee, McCormick 105, LLC's Motion for Award of Attorneys' Fees on Appeal (DE 10) is DENIED.

DONE AND ORDERED in Chambers, Fort Lauderdale, Florida, this 3rd day of December 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished via CM/ECF to:

Hon. Darrin P. Gayles
Counsel of Record